UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD YOUNG,

    Plaintiff,

    v.

MATTHEW HASSEL, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-732-JD-MGG

OPINION AND ORDER

Ronald Young, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983, a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint Young alleges that, on August 29, 2019, Officer McGuigan, Officer Howard, Officer Crawford, Officer Trudy, and Bo Holcomb deprived him of running water in his cell at the Marshall County Jail for five and a half hours. They also locked his dormitory down for two days and forced him to eat in his cell on the floor or

the toilet. Because Young is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Young states a plausible Fourteenth Amendment claim against Officer McGuigan, Officer Howard, Officer Crawford, Officer Trudy, and Bo Holcomb.

Young also names Sheriff Hassel as a defendant on the basis that he is responsible for the welfare of the inmates at the Marshall County Jail. However, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Young does not describe how Sherriff Hassel was personally involved with his claims, he cannot proceed against his.

For these reasons, the court:

(1) GRANTS Ronald Young leave to proceed on a Fourteenth Amendment claim against Officer McGuigan, Officer Howard, Officer Crawford, Officer Trudy, and Bo Holcomb for money damages for locking him in his cell, depriving him of running water, and forcing him to eat on the floor or the toilet in August 2019;

(2) DISMISSES Sheriff Hassel;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer McGuigan, Officer Howard, Officer Crawford, Officer Trudy, and Bo Holcomb at the Marshall County Jail with a copy of this order and the amended complaint (ECF 5) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer McGuigan, Officer Howard, Officer Crawford, Officer Trudy, and Bo Holcomb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Ronald Young has been granted leave to proceed in this screening order.

SO ORDERED on December 9, 2019

                                         /s/ JON E. DEGUILIO
                                         JUDGE
                                         UNITED STATES DISTRICT COURT